UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIAH N. R.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CASE NO. C23-5699-BAT<br><br>**ORDER AFFIRMING AND DISMISSING WITH PREJUDICE** |

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ misevaluated the medical evidence, her testimony, the lay testimony and failed to fully develop the record. Dkt. 12. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff applied for benefits in 2020 alleging disability as of January 1, 2013 but later amended the onset date to May 15, 2020. Tr. 22. After Plaintiff's application was denied initially and on reconsideration, the ALJ conducted a hearing on May 9, 2022, and subsequently issued a decision finding Plaintiff not disabled. Tr. 22, 35. The Appeals Council denied review making the ALJ's decision the Commissioner's final decision. Tr. 1-7.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 1

evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**I.     Medical Evidence**

Plaintiff contends "The ALJ Failed to Properly Evaluate the Medical Evidence. The record does not include any comprehensive medical opinion from any treating or examining physician," and the Court should thus find the AL erroneously failed to develop the record by not obtaining a consultative psychological evaluation of Plaintiff. Dkt. 12 at 2.

The Court rejects this claim. Plaintiff had the burden to establish she is disabled, and her failure to provide evidence in support does not automatically shift that burden to the ALJ. *See* 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require").

The ALJ's duty to develop or supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Here, the record is neither so inadequate nor so ambiguous that the ALJ should have developed the record further. The Court accordingly finds the ALJ did not err in failing to call a consultative examiner regarding Plaintiff's mental health.

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 2

The Court next turns to Plaintiff's recitation of the medical record. Plaintiff's summary of various medical findings fails to develop a coherent argument. Plaintiff challenges the ALJ's evaluation of the medical opinions, but her conclusory summary falls short of appellate review requirements. *See Putz v. Kijakazi*, 2022 WL 6943095 (9th Cir. Oct. 12, 2022) (citing *Sekiya v. Gates,* 508 F.3d 1198, 1200 (9th Cir. 2007)). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

Plaintiff first notes Dr. Donna John's diagnoses and the doctor's opinion that Plaintiff may have a difficult time with transitions and needs frontloading and the chance to ask questions without excessive wordiness. Dkt. 12 at 3. Plaintiff claims these notes support her testimony about her symptoms and limitations. But, as Plaintiff concedes, no treating or examining doctor provided an opinion about her functional limitations. Thus, the Court cannot say the ALJ misevaluated a functional opinion that supported Plaintiff's claim, as none was given. The Court finds Plaintiff's conclusory statement about Dr. John does not show the ALJ erred assessing the opinion or in determining RFC.

Plaintiff next lists "historical evidence" that include notes from Thao M. Nguyen, M.D., Karan S. Randhava, M.D., and Sara J. Walker, Ph.D. and argues they show Plaintiff has "longstanding" mental health problems and that their notes are consistent with Plaintiff's testimony. *Id.* Again, the cited notes lack any functional assessment of Plaintiff nor any assessment that is consistent with the limitations to which Plaintiff testified. Plaintiff's conclusory listing does not establish harmful error.

Plaintiff next states under "recent clinical findings" the ALJ never developed the record so there is no comprehensive medical opinion from a treating or examining doctor. *Id.* Plaintiff then lists notes from Bita K. Naji, M.D., Shelley Geil, ARNP, Jack Steiger, D.O., and Plaintiff's

admission to South Sound Behavioral Hospital. *Id.* at 4-5. While Plaintiff acknowledges none of these records "include any medical opinions" she argues they are consistent with Plaintiff's testimony. These records do not set forth the functional limitations to which Plaintiff testified. The Court accordingly rejects Plaintiff's conclusory contention.

Plaintiff also indicates the ALJ found the opinions of state agency doctors Jerry Gardner, Ph.D., Vincent Gollogy, Ph.D., somewhat persuasive and the opinion of Robert Stuart, M.D., not persuasive. Plaintiff argues the ALJ misevaluated the opinions of Drs. Gardiner and Gollogy contending these doctors did not consider her testimony or records after September 2021. *Id.* at 6. While these doctors did not examine Plaintiff, they noted Plaintiff's claims she could not work due to severe anxiety and inability to concentrate, medications were unhelpful, and she had significant migraine headache pain. Tr. 76. These notations are very similar to Plaintiff's testimony and thus the Court rejects Plaintiff's implication the doctors were unaware of the limitations that Plaintiff claimed.

The Court also rejects Plaintiff's claim that since the doctor's opinions do not encompass medical records generated after September 2021, they should be given no weight. Dkt. 12 at 6. This argument is irrelevant as to their opinions before September 2021, and Plaintiff presents nothing showing records generated after September 2021 show a significant change in Plaintiff's condition that would undermine the doctors' opinions. Plaintiff carries the burden of showing the ALJ has harmfully erred and has failed to do so.

Plaintiff also challenges the ALJ's determination to give weight to the opinion of reviewing doctor Merry Alto, M.D., arguing the doctor failed to account for the impact of Plaintiff's migraines and inguinal strain. *Id.* The argument misses the mark because the ALJ adopted Dr. Alto's opinion about Plaintiff's physical functioning, and Plaintiff did not testify she

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 4

could not work due to physical limitations or claim in this appeal that the ALJ harmfully misevaluated her physical limitations.  Further, at step two, the ALJ found no severe physical impairments and Plaintiff does not challenge this finding.

The record shows Dr. Alto noted Plaintiff was examined for "tenderness inguinal ligament" and had migraines "with improvement during current period." Tr. 89.  The doctor therefore considered migraines and inguinal strains and concluded Plaintiff has mild limits physically.  The ALJ adopted Dr. Alto's opinion Plaintiff's "physical impairments do not cause more than a minimal impact to engage in basic work activities" and that the opinion was "also consistent with the claimant's function report which did not indicate significant limitations in physical activities." Tr. 33.  The Court accordingly finds the ALJ's treatment of Dr. Alto's opinion does not establish harmful error.

The Court notes Plaintiff arguments about the ALJ's assessment of the medical evidence implies the ALJ should have given less weight to the reviewing opinions and should have fully credited and given more weight to the treating or examining opinions due to the differences between the nature of a treating and reviewing doctor.  However, the applicable regulations governing Plaintiff's 2020 application for benefits bar the ALJ from elevating the opinions of treating and examining doctors over the opinions of reviewing doctors, based upon their status as a treater versus a reviewer.  Moreover, Plaintiff's argument that a reasonable ALJ who fully credited the findings of Plaintiff's treating and examining medical providers lacks support because as Plaintiff acknowledges, none of the treating or examining medical sources provided functional assessments of Plaintiff's ability to perform work.

The ALJ is responsible reviewing the evidence and resolving conflicts or ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  Even assuming Plaintiff's view of the

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 5

evidence is deemed as reasonable, the Court cannot say the ALJ's evaluation of the evidence is unreasonable or unsupported. In such a situation, the Court is required to affirm the ALJ's determination.

## II.    Plaintiff's Testimony

Plaintiff testified she is unable to work due to bipolar disorder, anxiety, depression. Tr. 27, 200. She explained she has difficulties with memory, concentration, comprehension, adaptation, and interaction (Tr. 250); she quit her previous job because of the public contact (Tr. 50); she has unstable moods, low energy, inability to focus, and frequently gets overwhelmed by anxiety (Tr. 55); and she helped take care of her daughter, cooked easy meals, ordered groceries online, did laundry and cleaning at home, and posted her photography and art on her social media account. Tr. 52-54. The ALJ found Plaintiff's testimony inconsistent with the longitudinal record. Tr. 28-31. Plaintiff contends the ALJ failed to give clear and convincing reasons to discount her testimony, as required by the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ discounted Plaintiff's testimony that she cannot work due to anxiety and concentration, finding Plaintiff's treatment notes frequently observed her with neutral mood and normal concentration. Tr. 28 (citing Tr. 841, 844, 847, 850, 857, 860, 871, 1003). The ALJ found Plaintiff's reports in 2020 about anxiety in 2020 was inconsistent with her comments that she was doing well on medications, enjoyed her job, felt better working part-time at night, and liked that her work got her out of the house. Tr. 28 (citing Tr. 857-58, 860). "[M]ost significantly, [the ALJ found], she denied having difficulty with depression, anxiety, and mania, which seems very inconsistent with her testimony of unstable and rapid cycling moods and being overwhelmed due to anxiety." Tr. 28 (citing Tr. 871). The ALJ also cited records showing

Plaintiff denied depression, anxiety, and mania during treatment in early 2021. Tr. 874, 877. The ALJ explained, Tr. 29, Plaintiff's difficulty regulating her mood in May 2021 was partially related to alcohol use and an altercation with a family member (Tr. 883-86); and shortly after, in July 2021, Plaintiff reported she was not irritable, hostile, or having emotional outbursts. Tr. 29, 892. Furthermore, Plaintiff's panic attack in 2021, which caused her to quit an attempt to work, was "a response to situational stress after her dog died" (Tr. 29 (citing Tr. 997-98)); and by late 2021, she reported doing well with mood and mania other than some situational stressors. Tr. 1000-05. The ALJ also found Plaintiff's lack of problems interacting with healthcare providers suggested she could interact appropriately in a workplace, in contrast to her testimony. Tr. 29 (citing Tr. 561-774, 871-894, 903-93).

      The ALJ explained while Plaintiff has limitations caused by autism spectrum disorder, difficulty interacting with others, and issues hyper-focusing; highlighting that a primary issue for Plaintiff was working with the public – which caused her to get stressed out and overwhelmed – but she enjoyed repetitive work without interaction. Tr. 32-33. Accordingly, the ALJ determined Plaintiff has the RFC to work with no more than occasional and superficial contact with the public. Tr. 27, 29. The ALJ also observed that objective evidence was consistent with the level of activity defined in Plaintiff's RFC. The ALJ found that treatment notes showed Plaintiff had no major sensory problems and no signs of thought or perceptual disturbance, mania, or hypomania; her intelligence scored in the superior range; and she showed no signs of difficulty sustaining concentration. Tr. 1006-12. The ALJ noted a comment in Plaintiff's records that Plaintiff's mood would likely improve if she had a sense of purpose and direction. Tr. 29 (citing Tr. 1006-12).

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 7

1        Plaintiff argues the ALJ erred by emphasizing her normal mental findings and
2 disregarding her abnormal mental findings.  Dkt. 12 at 8.  The ALJ considered Plaintiff's four-
3 day hospitalization prior to the hearing but found it not "reflective of her overall level of
4 functioning" because her hospital exam notes sharply contrasted with previous doctors'
5 comments.  Tr. 30.  The ALJ explained Plaintiff's symptoms during this episode were triggered
6 by issues with her boyfriend, stepfather, lack of personal space, and alcohol, "which is notable
7 because these triggers would be unlikely to occur in occupational settings."  Tr. 30 (citing Tr.
8 1019).  Thus, the ALJ did not disregard Plaintiff's severe abnormal mental symptoms; rather the
9 ALJ noted them but explained they were inconsistent with the medical record as a whole.

10        The Court accordingly cannot say the ALJ unreasonably selected only certain parts of the
11 medical record that showed non-disability and disregarded other parts that showed disability.
12 Rather the ALJ weighed all of the evidence and found it did not support a disability finding.
13 Again, as noted above, even assuming Plaintiff's view of the medical record is reasonable, the
14 Court cannot say the ALJ's assessment is unreasonable or unsupported.  The Court accordingly
15 is required to affirm the ALJ's determination in this regard.

16        The ALJ also found Plaintiff's daily activities undercut her testimony.  Tr. 30.  The ALJ
17 highlighted that Plaintiff obtained a driver's license; studied and passed the GED language arts
18 test; attended medical appointments independently; worked outside her home; dated; shopped in
19 stores and online; cared for her young child; prepared simple meals; completed housework; and
20 spent time with her friends and family.  Tr. 29-30 (citing Tr. 561-774, 857-59, 889, 892, 997-98).
21 The ALJ explained these activities – in addition to Plaintiff's reported interest in purchasing a
22 car to be more independent (Tr. 884) – were inconsistent with Plaintiff's testimony that she was
23 unable to leave home by herself (Tr. 884) and showed she possessed the ability to sustain

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 8

concentration, persistence, and pace to perform simple tasks in a work environment. Tr 30. Additionally, the ALJ found that Plaintiff's reports of improved mental symptoms and functioning with treatment were inconsistent with her testimony she was unable to work. Tr. 30.

In sum, the ALJ discounted the severity of limitations Plaintiff alleged because she consistently denied issues with depression, anxiety, and mania; her hospitalization stood in contrast to her general medical records, her mental status exams were normal; her primary limitations were caused by situational stressors not connected to employment; and her daily activities were inconsistent with the severity of limitations she opined. Tr. 28-31. The Court finds the ALJ's determination to discount Plaintiff's testimony is supported by substantial evidence and affirms the ALJ determination.

### III. Lay Witness Testimony

The ALJ noted Plaintiff's mother and mother-in-law generally described the same symptoms and limitations about which Plaintiff testified. Tr. 31 (citing Tr. 210-17, 226-27, 281-82). As with Plaintiff testimony, the ALJ found the lay witness testimony was inconsistent with Plaintiff's improved mental symptoms and functioning, normal concentration, appropriate interaction, and limited reports of mania and mood instability to providers. Tr. 31 (citing Tr. 306 (2016 intelligence testing showing above average score); 841 (normal mental status exam); 844 (normal concentration); 847, 850, 857-60, 871, 874 (reported feeling better, decreased symptoms, normal concentration); 877, 880, 889, 892, 1000, 1003 (some anxiety but normal concentration); 1008-13 (intelligence testing)). Plaintiff argues none of the reasons the ALJ gave for discounting lay witness testimony are germane or supported by substantial evidence. Dkt. 12 at 13-16). This argument is foreclosed because the ALJ, as noted above, properly discounted Plaintiff's testimony and gave similar reasons for discounting the lay testimony. *See, e.g.,*

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 9

*Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness'] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness'] testimony"). The Court accordingly affirms the ALJ's determination to discount the lay testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 13th day of March, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge